IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID LEE QUINTANA, | ) | |
| | ) | |
| Petitioner, | ) | 4:02cv3194 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| FRED BRITTEN, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the following motions filed by the petitioner, David Lee Quintana: (1) filing no. 28, the Motion for Leave to Amend Habeas Petition, (2) filing no. 29, the Motion for a Progression Order; (3) filing no. 30, the Motion for Evidentiary Hearing; and (4) filing no. 31, the Motion to Appoint Counsel. Filing nos. 28 and 29 are granted to the extent set forth below, and filing nos. 30 and 31 are denied at this time.

### Background

The facts of the petitioner's case are set forth in State v. Quintana, 621 N.W.2d 121 (Neb. Jan 12, 2001), *modified on denial of rehearing*, 633 N.W.2d 890 (Neb. Apr 20, 2001) (Nos. S-99-1249, S-99-1250). In the District Court of Buffalo County, Nebraska, Mr. Quintana was "convicted and sentenced to life imprisonment for first degree murder by intentionally aiding and abetting Jaime Rodriguez (Rodriguez) to commit the crime of robbery of Roger Baumann, during which robbery the death of Baumann resulted. Quintana was also sentenced to not less than 7 nor more than 15 years' imprisonment for his conviction of aiding and abetting the use of a firearm to commit a felony." State v. Quintana, 621 N.W.2d at 127.

### Habeas Claims

In his habeas petition, the petitioner raises the following claims in support of habeas corpus relief:

1. <u>Denial of a fair trial, due process and equal protection</u>: Because Jaime Rodriguez, who shot and killed Roger Baumann, was acquitted before the petitioner's trial on the charge of aiding and abetting Rodriguez, the petitioner could not have aided and abetted a crime which never occurred. Therefore, the court lacked jurisdiction to try the petitioner, and the jury instructions deprived the petitioner of a fair trial.

2. <u>Denial of effective assistance of trial counsel</u>: Trial counsel failed to (a) notice and challenge the absence of a critical element in the Amended Information, (b) object to

1

jury instructions and tender his own instructions, (c) move for dismissal of the charges, (d) bring constitutional error to the trial court's attention, and (3) perform adequately at trial.

      3.      <u>Denial of effective assistance of appellate counsel</u>: Appellate counsel failed to (a) argue plain error in the jury instructions, (b) brief the use of prejudicial and unsupported testimony, (c) advise the petitioner of his right to seek further review in the United States Supreme Court, (d) exhaust the petitioner's current habeas claims, (e) challenge the trial court's refusal to give the petitioner's jury instruction on proximate cause, (f) seek reversal on the basis of the trial court's failure to grant a mistrial when trial witness Larry Kinkade stated that the petitioner had been in prison, and (g) provide the appellate court with adequate support for the argument on appeal of insufficient evidence to support the conviction.

      4.      <u>Insufficient evidence to support the petitioner's convictions</u>.

## Respondent's Answer

      1.      <u>Denial of a fair trial, due process and equal protection</u>: As to the petitioner's first claim, the respondent asserts the affirmative defense of procedural default, i.e., the petitioner did not raise the claim to the Nebraska Supreme Court, and Nebraska law would foreclose him from doing so now. On the merits of the first claim, the respondent argues that the acquittal of a principal does not eliminate jurisdiction to prosecute another for aiding and abetting. In addition, according to the respondent, the jury instructions correctly stated Nebraska law regarding the elements of felony murder and aiding and abetting.

      2.      <u>Denial of effective assistance of trial counsel</u>: As to the petitioner's second claim, the respondent asserts the affirmative defense of procedural default.[1] On the merits, the respondent argues that the jury instructions were proper, and counsel did move for dismissal of the charges. Hence, counsel was not ineffective.

      3.      <u>Denial of effective assistance of appellate counsel</u>: As with the second claim, the respondent asserts that the third claim is procedurally defaulted, but concedes that the petitioner raised the claim in his postconviction appeal. The summary affirmance of the postconviction appeal creates the same obstacle to discerning the Nebraska Supreme Court's reasoning. On the merits of the third claim, the respondent points to the reasons underlying appellate counsel's decisions and alleges that counsel made competent decisions.

      4.      <u>Insufficient evidence to support the petitioner's convictions</u>: Oddly, while

---

[1] However, the respondent concedes that the petitioner presented a similar argument in his postconviction appeal. Because the respondent moved for, and obtained summary affirmance in that appeal, no opinion exists. Thus, the respondent and this court cannot know which issues the Nebraska Supreme Court considered and resolved on the merits.

stating in connection with the petitioner's third claim that the petitioner's counsel presented the issue of insufficiency of the evidence on direct appeal, the respondent nevertheless contends that the fourth claim has been procedurally defaulted. On the merits, the respondent asserts that the verdict was supported by sufficient evidence, and the acquittal of the principal did not nullify the charge of aiding and abetting against the petitioner.

### Motion to Amend

In his Motion to Amend, the petitioner asks the court to consider the decision in Smith v. Groose, 205 F.3d 1045 (8th Cir. 2000), in support of his Petition for Writ of Habeas Corpus. The petitioner does not have to amend his petition to bring legal authority to the court's attention. Filing no. 28 will be considered in the nature of a brief and will be received by the court in support of Mr. Quintana's habeas petition. To that extent, filing no. 28 is granted.

### Progression Order

The petitioner's Motion for a Progression Order is granted, and the parties shall submit briefs in accordance with the schedule set forth at the end of this Memorandum and Order.

### Motions for Hearing and Counsel

The petitioner's Motions for an Evidentiary Hearing and for Appointment of Counsel are denied at this time. If, after receipt of the parties' briefs, Senior District Judge Warren K. Urbom decides to schedule an evidentiary hearing, he will do so. In that event, Rule 8 of the *Rules Governing § 2254 Cases* specifies that counsel must be appointed if the court holds an evidentiary hearing.

THEREFORE, IT IS ORDERED:

1.  That filing no. 28, the petitioner's Motion for Leave to Amend Habeas Petition, will be considered in the nature of a brief and will be received by the court in support of the petitioner's habeas petition; filing no. 28 is granted to that extent;

2.  That the petitioner's Motion for a Progression Order is granted, and the parties shall submit briefs in accordance with the following schedule:

    a.  By **July 8, 2005**, the petitioner shall file a brief in support of the claims raised in his Petition for Writ of Habeas Corpus, as amended, and in opposition to the respondent's Answer.

    b.  By **July 29, 2005**, the respondent shall file a brief in response to the petitioner's claims and in support of the respondent's defenses.

    c.  By **August 15, 2005**, any party who wishes to file a reply brief may do so, but

no briefs will be accepted after that date; and

      3.    That filing nos. 30 and 31, the petitioner's Motions for Evidentiary Hearing and for Appointment of Counsel, are denied at this time, without prejudice to reconsideration on the court's own motion, if appropriate.

      DATED this 13th day of June, 2005.

                                      BY THE COURT:

                                      s/ F. A. GOSSETT  
                                      United States Magistrate Judge